IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CURTIS JOHNSON,

       Petitioner,

vs.                                          CASE NO.: 4:05cv484-MMP/MD

JAMES R. MCDONOUGH,

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 24, the Report and Recommendation of

the Magistrate Judge, recommending that the amended petition for writ of habeas corpus

be denied.  The Petitioner filed objections, Doc. 25, which the Court has reviewed.  For

the reasons which follow the Report and Recommendation is adopted.

Petitioner was charged and tried for armed robbery, and was convicted of the

lesser included offense of robbery.  He was accused of accompanying a friend who was

carrying a weapon to the home of the victim, forcing their way in and taking money from

the victim at gun point.  The friend carried the weapon at all times while Petitioner did

not have a weapon.

In his first ground for relief the Petitioner alleges that the verdict form in his

armed robbery trial contained only one page which had a spot to find him guilty of armed

robbery and three other spots to find him guilty of lesser included offenses, but no spot to

find him not guilty of any offense.  As the Magistrate Judge points out, however, Exhibit

A to doc. 21 is a copy of the verdict form, certified by the Clerk of Court of Gadsden

County.  The verdict form consists of two pages, and the not guilty section is on the

second page.  Therefore, the Court agrees with the Magistrate Judge that the state court's

decision was not in error in this regard.

In the Petitioner's second claim, he asserts that his trial counsel was ineffective for

failing to call two witnesses to exculpate Petitioner.  The first, the sister of the victim of

the robbery, allegedly would have testified that her brother told her that he knew that

Petitioner did not rob him but failed to say anything because a drug deal was involved.

Since Petitioner testified that the sister was not present when the incident occurred, her

testimony would be inadmissible hearsay.  Counsel was not ineffective for failing to call

a witness whose testimony would be inadmissible.

The second witness would have been Teddy Parks, who Petitioner now claims

was an eyewitness to a robbery of the victim and who could state that Petitioner was not

involved.  However, in his trial testimony Petitioner claimed there was no robbery at all,

merely a series of drug deals with the victim and complaints that the drugs were bad.  He

never mentioned Parks being an eyewitness and he never claimed that there was a

robbery in which he not involved.  Also, he claimed that neither he nor his friend had a

gun when they were at the Victim's home.  The Court agrees with the Magistrate Judge

and the state courts that the decision not to call the witnesses was a strategic one, and that

it was reasonable because the proffered testimony would have been inadmissible and

inconsistent with petitioner's own trial testimony.

Finally, the Court agrees with the Magistrate Judge's rejection of Petitioner's final

claim.  Petitioner asserts that his counsel was deficient for failing to put forth the theory

that Petitioner's friend forced him into the victim's home at gunpoint and so he was a

second victim rather than a perpetrator.  As discussed above, however, this theory would

have flatly contradicted the Petitioner's trial testimony that no gun was present and no

robbery occurred.  Trial counsel's decision not to put forth this theory was a strategic one,

and it was reasonable since the inconsistent theory may very well have undermined

Petitioner's credibility and confused the jury.

For the above reasons, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge is adopted and
incorporated herein.

The Petition for Writ of Habeas Corpus, doc. 7, is denied, and the Clerk is
directed to close this case.

**DONE AND ORDERED** this   27th   day of March, 2009.

 *s/ Maurice M. Paul*
Maurice M. Paul
Senior District Judge